■ In the Matter of ALICE CLAUDIO, Respondent, v MICHAEL DOWLING, as Social Services Commissioner of the State of New York, et al., Appellants, et al., Respondent. In the Matter of PATRICIA DURBAN, Respondent, v GREGORY KALADJIAN, as Acting Social Services Commissioner of the State of New York, Appellant. In the Matter of IDA GRAHAM, Appellant, v MARY JO BANE, as Social Services Commissioner of the State of New York, Respondent. In the Matter of ELBA VERA et al., Appel-

lants, v MICHAEL DOWLING as Social Services Commissioner of the State of New York, et al., Respondents. [635 NYS2d 199] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered May 16, 1994, which granted the petition brought pursuant to CPLR article 78 to the extent of vacating the administrative determination insofar as it found that petitioner did not have standing to seek administrative review of the adequacy of foster care payments made on behalf of children no longer in residence and remanded the matter for a hearing, unanimously reversed, on the law, the administrative determination confirmed, and the petition dismissed, without costs.

Order, Supreme Court, New York County (Edward Lehner, J.), entered April 21, 1994, which granted the petition brought pursuant to article 78 to the extent of vacating the administrative determination insofar as it found that petitioner did not have standing to seek administrative review of the adequacy of foster care payments made on behalf of children no longer in residence and remanded the matter for a hearing, unanimously reversed, on the law, the administrative determination confirmed, and the petition dismissed, without costs.

Order, Supreme Court, New York County (Milton Williams, J.), entered February 4, 1994, which denied the petition brought pursuant to article 78 and confirmed the administrative determination which, *inter alia*, found that petitioner did not have standing to seek administrative review of the adequacy of foster care payments made on behalf of children no longer in residence, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about March 23, 1995, which, *inter alia*, denied the petition brought pursuant to article 78 and confirmed the administrative determination which, *inter alia*, found that petitioner did not have standing to seek administrative review of the adequacy of foster care payments made on behalf of children no longer in residence, unanimously affirmed, without costs.

All four of these appeals are from determinations upon petitions brought under article 78 which sought to overturn administrative decisions which had held that petitioners, all former foster parents, did not have standing to seek additional payments based on their claim that children who had formerly been in their care were improperly designated as not having special needs.

In two of the cases, the Supreme Court found that petitioners did have standing and vacated the administrative decisions to the contrary. In the other two, the Supreme Court found

that there was no standing and confirmed the administrative decisions.

Upon our review, we find that we are in agreement with the well-reasoned decisions of Justice Williams in *Matter of Graham v Bane* and Justice Tompkins in *Matter of Vera v Dowling*, both of whom found that, since the subject children were no longer in their care, petitioners were without standing to retroactively seek higher payments based on their argument that the children should have been classified as having special needs. There is nothing irrational about respondents' interpretation of the New York statutory and regulatory scheme insofar as it classifies the foster child, rather than the foster parent, as the "recipient" of benefits who is therefore entitled to a hearing challenging denial (Social Services Law § 22 [3]; 18 NYCRR 358-3.1), and classifies the foster parent as a provider of services and not therefore personally entitled to such a hearing. Moreover, we reject petitioners' argument that 42 USC § 671 (a) (12), which requires that the State afford a fair hearing to "any individual whose claim for benefits * * * is denied or is not acted upon with reasonable promptness", requires that petitioners herein receive a hearing. Although this statute may protect the right to a hearing of foster parents who claim benefits during their tenure as foster parents (*see*, *Timmy S. v Stumbo*, 916 F2d 312), it does not apply herein, since at the time petitioners sought higher payments they were no longer the foster parents of these children.

Motion to strike brief of the City granted. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Asch, JJ. [*See*, 160 Misc 2d 907.]